UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GARGANUS T. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00005-JPH-DLP |
| | ) | |
| L. SHROYER, | ) | |
| CERCELUIS OR CERCELLUIS, | ) | |
| LITTLEJOHN, | ) | |
| EWERS, | ) | |
| LEOHR, | ) | |
| K. GILMORE, | ) | |
| RICHARD BROWN, | ) | |
| SHELBY DECKER, | ) | |
| WELLINGTON, | ) | |
| MIKE ELLIS, | ) | |
| I. RANDOLPH, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING SERVICE OF PROCESS**

**I.
Screening Standard**

The plaintiff is a prisoner currently incarcerated at Wabash Valley Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## The Complaint

The complaint names eleven defendants: 1) Officer L. Shroyer, 2) Officer Cerceluis (or Cercelluis), 3) Assistant Warden Littlejohn, 4) Lieutenant Ewers, 5) Classification Supervisor Leohr, 6) Deputy Warden K. Gilmore, 7) Warden Richard Brown, 8), Grievance Specialist Shelby Decker, 9) Grievance Specialist Wellington, 10) Internal Affairs Supervisor Mike Ellis, and 11) Grievance Appeals Manager I. Randolph.

The plaintiff alleges that Officers L. Shroyer and Cerceluis retaliated against him for filing grievances by filing a false conduct report and false job evaluation to ensure that the plaintiff lost his kitchen job. He alleges that their conduct was also discriminatory in violation of the equal protection clause of the Fourteenth Amendment because the officers are Caucasian, and the plaintiff is African American. The plaintiff knows of Caucasian inmates who worked in the kitchen and received either conduct reports or bad job evaluations, but none who received both for the same alleged conduct as he did. In the plaintiff's case, the conduct report was never processed, but he lost his job due to the negative evaluation.

The plaintiff alleges that Assistant Warden Littlejohn and Lieutenant Ewers also discriminated against him on the basis of race because they assisted a Caucasian inmate in getting his job back after losing it, but they did not assist the plaintiff in the same way.

The plaintiff alleges that defendants Deputy Warden Gilmore, Classification Supervisor Leohr, and Warden Richard Brown discriminated against him when they violated his due process rights by failing to review video footage of the interaction between him and Officer L. Shroyer.

Finally, the plaintiff alleges that defendants Littlejohn, Decker, Ewers, Brown, Leohr, Gilmore, Randolph, Ellis, and Wellington violated his Eighth Amendment rights when they turned a blind eye to the plaintiff's complaints regarding the retaliatory and discriminatory actions of Officers L. Shroyer and Cerceluis against him. He seeks nominal, punitive, and compensatory damages.

## III.
## Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted. "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). In this case, the most applicable provisions are the First Amendment right to be free of retaliation and the equal protection clause of the Fourteenth Amendment.

All claims based on the alleged failure of defendants to investigate or properly respond to the plaintiff's requests for interview, grievances, and appeals are **dismissed for failure to state a claim upon which relief can be granted**. The Constitution does not require officials to investigate wrongdoing after it happens. *See Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) (As long as [prison employees] did not deprive [plaintiff] of his opportunity to contest the merits of the charge before the grievance board or sabotage his chance to obtain redress in court, the defendants' uncooperative approach is

not an independent constitutional tort; there is no duty to assist in an effort to obtain private redress, and calling lack of assistance a 'cover up' adds nothing."). "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Grieveson v. Anderson*, 538 F.3d 763, 772 & n. 3 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). To the extent the plaintiff attempts to cast his due process claims as discrimination claims against Deputy Warden Gilmore, Classification Supervisor Leohr, and Warden Richard Brown, his efforts fail because he has not identified a connection to a protected class. A "complaint must indicate the discrimination occurred because of sex, race, national origin, or some other protected class. . . . Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006) (*citing Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134, 1147 (7th Cir.1997)).

The plaintiff's First Amendment retaliation claims against Officers L. Shroyer and Cerceluis **shall proceed**. The plaintiff's Fourteenth Amendment equal protection claims against Officers L. Shroyer and Cerceluis, Assistant Warden Littlejohn, and Lieutenant Ewers **shall proceed**.

This summary of remaining claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 27, 2020,** in which to identify those claims.

## IV.
## Service of Process

The clerk is **directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process electronically to defendants Officers L. Shroyer and Cerceluis, Assistant Warden Littlejohn, and Lieutenant Ewers in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Because all claims against them have been dismissed, the **clerk is directed** to terminate Classification Supervisor Leohr, Deputy Warden Gilmore, Warden Richard Brown, Grievance Specialists Shelby Decker and Mr. Wellington, Internal Affairs Supervisor Mike Ellis, and Manager of Grievance Appeals I. Randolph as defendants on the docket.

**SO ORDERED.**

Date: 3/2/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

GARGANUS T. MOORE
170307
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronic Service to:

Officer L. Shroyer
Officer Cerceluis (or Cercelluis)
Assistant Warden Littlejohn
Lieutenant Ewers
        (All employed at Wabash Valley Correctional Facility)